O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| **COTULLA STYLE PIT BAR B Q, INC,** § | | Bankruptcy Case No. 06-50210 |
| Debtor. § | | |

| | | |
|---|---|---|
| **COTULLA STYLE PIT BAR B Q, INC,** § | | |
| Appellant/Plaintiff, § | | **CIVIL ACTION NO. L-09-14** |
| § | | |
| vs. § | | Adversary No. 08-5009 |
| § | | |
| **CITY OF LAREDO,** § | | |
| Appellee/Defendant. § | | |

## MEMORANDUM

Debtor/Appellant Cotulla Style Pit Bar B Q Inc. ("Cotulla") appeals Bankruptcy Judge Wesley Steen's dismissal of its adversary proceeding against Appellee City of Laredo. Judge Steen had closed Cotulla's bankruptcy case on January 17, 2008, and reopened it on Cotulla's request on September 18, 2008, to allow it to bring the adversary proceeding against the City of Laredo. (See Adversary Proceeding Dkt. No. 5 at 1.) On October 20, 2008, after no action to file the adversary proceeding had occurred, Judge Steen reclosed the case. (Id.) On Cotulla's motion, Judge Steen vacated the order re-closing the case and ordered Cotulla to file the adversary proceeding by November 12, 2008. (Id.)

Cotulla filed the adversary proceeding on November 12, 2008, and on the next day, Judge Steen issued an order setting a pretrial conference for January 8, 2009, at 9:30 AM. (Adversary Proceeding Dkt. No. 2 at 1.) The order required the parties to meet as required by Fed. R. Civ. P. 26 and submit a Rule 26 report. (Id.) The order also directed Cotulla to

1

"serve a copy of th[e] order along with the summons and the complaint" on all defendants. (Id.)  Judge Steen warned that "failure to comply with th[e] order may result in sanctions, including dismissal of the action."  (Id.)

Cotulla's counsel did not appear when the January 8 pretrial conference was called, but arrived twenty minutes later.  (Adversary Proceeding Dkt. No. 5 at 2.)  Moreover, he failed to serve the defendant or file a Rule 26 report as ordered.  (Id.)  Cotulla's counsel explained at the hearing "that he had 'miscalendered' the pretrial conference and had simply neglected to obtain a summons and serve the complaint."  (Id.)  The next day, Judge Steen dismissed Cotulla's adversary hearing for want of prosecution and failure to comply with the bankruptcy court's November order.  (Id.)

## Standard

Bankruptcy Rule 7041 makes Fed. R. Civ. P. 41 applicable to adversary proceedings and gives a bankruptcy court the power to sanction a plaintiff's failure to prosecute or to comply with a court order by dismissing the plaintiff's adversary proceeding with prejudice, even without motion of the defendant.  Cf. Link v. Wabash R.R. Co., 82 S.Ct. 1386, 1388-89 (1962) (discussing F.R.C.P. 41(b)); see also In re Arhens, 120 B.R. 852, 854 (S.D. Tex. June 11, 1990) (applying Rule 41 case law to dismissal of bankruptcy adversary proceeding).  However, dismissal with prejudice "is an extreme sanction which is to be used only when the 'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leaves the court no choice but to deny that plaintiff its benefits.'"  McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988).  This sanction should not be imposed unless there is a "clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice."  Sealed Appellant v. Sealed

**Appellee, 452 F.3d 415, 417 (5th Cir. 2006) (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)). A party's negligence, "regardless of how careless, inconsiderate, or understandable exasperating," does not "make conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." McNeal, 842 F.2d at 792. Beyond the two "requisite factors," there are other "aggravating factors" to consider, including "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." Sealed Appellant, 452 F.3d at 418 (quoting Rogers, 669 F.2d at 320).**

**The record on appeal reflects that Cotulla did not file an adversary proceeding within 30 days after Judge Steen reopened the case, and there is no indication of the reason for this delay.[1] Cotulla, however, eventually filed an adversary proceeding complaint by the bankruptcy court's subsequently imposed deadline of November 12, 2008. Cotulla then failed to file a Rule 26 report as ordered by the bankruptcy court, and its counsel did not timely appear at the scheduled pretrial conference. Further, counsel did not have a reasonable excuse for his tardiness. The Court appreciates the bankruptcy court's frustrations with the conduct of Cotulla's counsel, and it does not condone that conduct, but after considering the appropriate factors, the Court concludes that the sanction of dismissal unfairly punishes Cotulla for its counsel's conduct.**

**The record fails to show that a lesser sanction would not better serve the interests of justice. The record does not show that Cotulla, as opposed to its counsel, was at fault for any delay. Also, Defendant incurred no prejudice, as it apparently has never been served**

---

[1] The record on appeal consists of Cotulla's Adversary Proceeding Complaint (Adversary Proceeding Dkt. No. 1), and Judge Steen's order for pretrial conference (Adversary Proceeding Dkt. No. 2) and dismissal order (Adversary Proceeding Dkt. No. 5).

with the summons/adversary proceeding complaint and has not appeared in the adversary proceeding.

Cotulla's counsel argues that no specific deadline for serving the summons was set in the November order. While true, no reasonable attorney could have failed to understand that the setting of a pretrial conference in January, 2009, and the requirement for a prior meeting of the parties, would necessarily compel prompt service of process. The inaction of Cotulla's attorney was totally unacceptable. Nevertheless, a dismissal with prejudice could seriously injure Cotulla itself, when there is nothing to indicate misconduct on its part.

For the reasons herein, the Court will vacate the dismissal order (Adversary Proceeding Dkt. No. 5) and reinstate the adversary proceeding. On remand, however, the bankruptcy judge should consider other sanctions against Cotulla's attorney.

DONE at Laredo, Texas, this 29th day of June, 2009.

*George P. Kazen*
**Senior United Stated District Judge**